George A. BURTON, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

No. C79–2300.

United States District Court,
N.D. Ohio, E.D.

July 3, 1985.

---

Henry A. Roth, Zucker & Garson, Nancy L. Olson, Cleveland, Ohio, for plaintiff.

Annette G. Butler, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

### ORDER

BATTISTI, Chief Judge.

On December 14, 1979, Plaintiff filed the instant action which was amended on July 7, 1982. The first amended complaint alleges that plaintiff's termination from the United States Postal Service was racially discriminatory and retaliatory in nature (Count I of the Complaint.) Count II of the Complaint sought district court review of the Merit Systems Protection Board decision, 10 M.S.P.B. 402, 11 M.S.P.R. ——, upholding plaintiff's termination from government service. Defendant Postal Service filed motions to dismiss plaintiff's action and to strike plaintiff's demand for punitive damages.

On January 22, 1985, Magistrate Jack B. Streepy filed his Report and Recommendation. The Magistrate recommended that plaintiff be given "thirty days from the issuance of the Court's order" to amend his complaint in order to cure the potentially fatal lack of specificity in his racial discrimination claim. In addition, the Magistrate recommended that plaintiff also be given thirty days to respond why the defenses of waiver, estoppel or equitable tolling might apply to his failure to file his administrative complaint in a timely fashion; otherwise, the Magistrate noted dismissal for untimely exhaustion of administrative remedies must be entered. Magistrate's Report at 7. Finally, the Magistrate found that Count 2 of Plaintiff's Complaint be dismissed for lack of jurisdiction and that defendant's motion to strike plaintiff's punitive damages demand be stricken since punitive damages are not available in Title VII actions.

The plaintiff did not file objections to the Magistrate's Report. However, on February 22, 1985, plaintiff filed a Second Amended Complaint. The Second Amended Complaint is limited to the racial discrimination count and corrects pleading errors of the First Amended Complaint. *See* Section IV *infra.* On the same date plaintiff filed a "Supporting Brief in Opposition to Defendant's Motion for Summary Judgment." On April 18, 1985, defendant filed a motion to dismiss plaintiff's second amended complaint. On June 14, 1985 plaintiff filed a Supplemental Brief in Op-

position to Defendant's Motion to Dismiss. Therefore, this Court must review plaintiff's two submissions and defendant's April 18th Motion to Dismiss in light of the Magistrate's Recommendation and Plaintiff's Supplemental Brief. In particular, the Court must examine whether plaintiff can survive summary judgment for failing to timely file his administrative complaint, and whether the Court has jurisdiction to entertain the appeal of the MSPB decision.

## I.

### TIMELINESS OF FILING THE ADMINISTRATIVE CLAIM

In order to have his administrative claim processed, an employee must bring his claim to the Equal Employment Opportunity Counselor within 30 days of the discriminatory incident. 29 C.F.R. § 1613.214(a)(1)(i). Second, the employee must file a formal written complaint before the EEO officer or manager within 15 days of the final interview with the EEO counselor. 29 C.F.R. § 1613.214(a)(1)(ii).

In the instant case, plaintiff concedes he filed the formal written complaint approximately 14 days late. Defendant's argument that the fifteen-day rule is jurisdictional and therefore plaintiff's complaint should be dismissed was properly rejected by the Magistrate. However, while timely filing is not jurisdictional, the time requirements are subject to waiver, estoppel and equitable tolling.

On June 14, 1985, plaintiff filed a "Supplemental Brief in Opposition to Defendant's Motion to Dismiss" wherein the Court gave plaintiff an opportunity to demonstrate how waiver, estoppel or equitable tolling would excuse his delay in filing his formal complaint with the EEOC. Plaintiff's brief states that "plaintiff was effectively without assistance of counsel through no fault of his own. Mr. Burton acted with the utmost diligence in pursuing his claim." Supplemental Brief at 4.

The Sixth Circuit has held that time limitations may be tolled on equitable grounds not inconsistent with the legislative purpose. *Leake v. Univ. of Cincinnati*, 605 F.2d 255, 259 (6th Cir.1979). Similarly, in *Jones v. TransOhio Savings Association*, 747 F.2d 1037 (6th Cir.1984), the Court held that equitable tolling could be considered with regard to the Truth in Lending Act. The Court went on to state "In determining whether equitable tolling is appropriate, 'the basic inquiry is whether congressional purposes is effectuated by tolling the statute of limitations.'" *Id.* at 1040. The Supreme Court has previously stated that "a technical reading of Title VII's filing provisions would be 'particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process'". *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982).

This Court believes that the circumstances of the instant case merit a finding that the time limitation here be equitably tolled. Here, plaintiff indeed pursued his claim as diligently as possible according to plaintiff's affidavit. His attorney, Steve Fitten, apparently failed to contact him following the April 27, 1979 interview with the EEOC. Attorney Fitten seems to have irresponsibly abandoned his client and the case and left town without informing his client. However, as the Magistrate notes, the formal written complaint is dated May 10, 1979 although not mailed until May 29, 1979. Therefore, plaintiff's attorney prepared the formal written complaint to the EEOC but failed to mail it on time. Plaintiff retained new counsel in June 1979, according to his affidavit. The instant case presents a clear situation whereby penalizing an innocent plaintiff for the irresponsibility of his counsel would defeat the remedial purpose of Title VII and work to the detriment of the untrained laymen referred to in *Zipes*. Furthermore, the defendant's interest in prompt notice has not been substantially damaged by a delay in filing since the notice was received within approximately two weeks of the deadline.

Accordingly, defendant's motion to dismiss which has been converted into a motion for summary judgment is denied with

respect to the racial discrimination claim under 42 U.S.C. § 2000e. (Count I).

## II.

 The Magistrate has correctly concluded that Count II of plaintiff's Complaint, seeking judicial review of a Merit Systems Protection Board decision, does not present a "mixed case" of both discrimination and non-discrimination issues. Hence, this Court lacks jurisdiction under 5 U.S.C. § 7702(a)(1). Accordingly, Count II of plaintiff's complaint is dismissed; defendant's motion to dismiss Count II is granted.

## III.

Since, the Sixth Circuit has held that punitive damages are not recoverable in Title VII actions, defendant's motion to strike plaintiff's demand for punitive damages is granted.

## IV.

Plaintiff has properly named the Postmaster General as defendant in his Second Amended Complaint filed February 22, 1985. Additionally, plaintiff has cured the lack of specificity in his pleading by stating that plaintiff's supervisor "engaged in racial discrimination against the plaintiff by constantly forcing excessive work demands on plaintiff that were not placed on his white co-workers," specifically 600 stops per route assigned to plaintiff versus a normal route of 300 stops. Second Amended Complaint, ¶ 9–10, at 2–3. Thus, defendant's motion to dismiss Count I for improper party and lack of specificity is denied.

## V.

For the aforementioned reasons, defendant's motion to dismiss Count I of plaintiff's Second Amended Complaint is denied on the grounds that the EEO filing deadline was equitably tolled; defendant's motion to dismiss Count II of plaintiff's First Amended Complaint is granted for lack of jurisdiction; and defendant's motion to

strike plaintiff's prayer for punitive damages is granted.

IT IS SO ORDERED.