Billie Jo McALISTER, Appellee,

v.

United States Attorney, Robert G. ULRICH, and Department of Health & Human Services Regional Attorney, Paul Cacioppo, Appellants.

No. 86–1649.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 31, 1986.

Decided Dec. 24, 1986.

Kenneth E. Weinfurt, Asst. U.S. Atty., Kansas City, Mo., for appellants.

Billie Jo McAlister pro se.

Before ROSS, J.R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

United States Attorney Robert G. Ulrich and Department of Health & Human Services Regional Attorney Paul Cacioppo appeal the district court's denial of their motion for summary judgment in a *Bivens*-type constitutional tort action brought against them by Billie Jo McAlister. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We reverse.

McAlister's present action arises from a complaint, which he is now pursuing administratively, of handicap discrimination against him by his former employer, the Social Security Administration. McAlister contends Ulrich and Cacioppo's failure to investigate his discrimination claim, to meet with him, or to answer his questions, violated his rights to due process and access to the courts. Ulrich and Cacioppo moved for summary judgment on the ground they were protected from suit by either absolute or qualified immunity.

We agree with the district court that McAlister's complaint is difficult to comprehend, but as we read his pleadings, the complaint is cast as a *Bivens*-type constitutional tort claim. The United States Supreme Court, however, has refused to extend *Bivens* to encompass claims brought by federal employees for constitutional violations arising out of their employment relationship. *See Bush v. Lucas,* 462 U.S. 367, 390, 103 S.Ct. 2404, 2417, 76 L.Ed.2d 648 (1983). *Cf. Premachandra v. United States,* 739 F.2d 392, 394 (8th Cir.1984) (civil service remedies exclusive redress for wrongfully discharged federal employees) (relying on *Bush*). Thus, McAlister has failed to state a claim for which relief may be granted.

Accordingly, we reverse the district court's denial of summary judgment and remand with directions to dismiss McAlister's complaint. Because we dismiss for failure to state a claim, we do not reach the issue of immunity.