**Willard DERAMUS, Plaintiff,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Defendant.**

No. 87–CV–71597–DT.

United States District Court, E.D. Michigan.

Sept. 3, 1987.

Judith R. Weinstein, Detroit, Mich., for plaintiff.

Llewellyn M. Fischer, U.S. Merit Systems Protection Bd., Washington, D.C., for defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT MERIT SYSTEMS PROTECTIVE BOARD'S MOTION TO DISMISS**

HACKETT, District Judge.

Plaintiff Willard Deramus was fired from his job with the United States Postal Service allegedly for being absent without permission. Plaintiff claimed that his absence was due to a physical impairment and the real basis for his removal was discrimination because of his physical handicap.

Plaintiff sought relief from defendant Merit Systems Protection Board (herein-

after referred to as the "Board"), an adjudicatory board vested with the authority to hear federal employment disputes pursuant to 5 U.S.C. § 7701. On July 10, 1986, the firing of plaintiff was affirmed by the Board and on April 24, 1987, the instant suit was commenced to appeal the Board's ruling. Defendant has moved for dismissal asserting that the United States Postal Service is the proper party defendant and the complaint fails to state a claim against defendant Board.

Section 7703 of 5 U.S.C. provides for judicial review of a Board decision. Subsection (a)(2) states in pertinent part that in "review of a final order or decision issued under section 7701, the agency responsible for taking the action appealed to the Board shall be the named respondent." This language clearly indicates that the United States Postal Service, as the agency responsible for the action appealed, is the proper party defendant.

In response, plaintiff argued that the initial hearing by the Board was brought under section 7702, the statute that provides for a hearing in employment disputes when discrimination may be involved. Plaintiff contends that examination of section 7702 would disclose an ambiguity that would allow suit to be maintained against the Board.

Section 7702 provides that any Board action "shall be judicially reviewable ... [and] an employee shall be entitled to file a civil action to the same extent and in the same manner as provided in section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)...." Resort to Section 717(c) discloses that an employee, "if aggrieved by the final disposition of his complaint ... may file a civil action ... in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." This language clearly indicates that the United States Postal Service, as the agency involved, is the proper party defendant. Also see *Burton v. United States Postal Service*, 612 F.Supp. 1057 (D.C. Ohio 1985).

The court has not been persuaded that any ambiguity exists over which entity is the proper party defendant and plaintiff has failed to state a claim for relief recoverable from defendant Merit Systems Protection Board. Therefore,

IT IS ORDERED that plaintiff's complaint is dismissed.