Michael **KIENLEN**, Plaintiff,

v.

**MERIT SYSTEMS PROTECTION BOARD and United States Postal Service, Defendants.**

Civ. 4–88–23.

United States District Court, D. Minnesota, Fourth Division.

June 22, 1988.

Karla R. Wahl, Minneapolis, Minn., for plaintiff.

Sheila Mooney, Merit Systems Protection Bd., Washington, D.C., for defendant Merit Systems Protection Bd.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Michael Kienlen brought this action against defendants Merit Systems Protection Board (Board) and the United States Postal Service (Postal Service) challenging his termination as a custodial laborer with the Postal Service. He alleges discrimination on the basis of his handicap of paranoid schizophrenia in violation of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794a, and the Minnesota Human Rights Act, Minn.Stat. § 363.03 subd. 1. He also claims that he was terminated without cause in violation of his right to due process secured by the Fifth and Fourteenth Amendments. Plaintiff seeks a declaration that his termination was in violation of federal law and therefore null and void, reinstatement in his position, compensatory damages, statutory penalties under Minnesota law, and attorney's fees and costs. Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 2201, 5 U.S.C. § 7703(b)(1) and (2), and 29 U.S.C. § 794. Now before the court is the Board's motion to dismiss the claims asserted against it.

Plaintiff was terminated from his position as a custodial laborer with the Postal Service effective August 7, 1987 on the ground that he had allegedly engaged in criminal conduct, thereby violating Postal Service regulations 661.53 and 666.2. He appealed his termination to the Board, alleging that it was improper because it was based on off-duty conduct, that the determination to remove him was made in violation of his due process rights, and that with a reasonable accommodation of his mental handicap he would be able to perform his job functions. After an evidentiary hearing, the Board's administrative judge affirmed plaintiff's termination. The judge found, *inter alia*, that plaintiff's conduct violated Postal Service regulations and that a nexus existed between his conduct and the efficiency of the Postal Service. That decision became the final decision of the Board on January 13, 1988, and plaintiff filed this action on that date.

■ The Board moves to dismiss plaintiff's state law and due process claims pursuant to Fed.R.Civ.P. 12(b)(1) and (6) on the ground that the federal Rehabilitation Act of 1973 provides the exclusive judicial remedy for claims of handicap discrimination in federal employment.

In *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976), the Supreme Court held that "§ 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of [racial] discrimination in federal employment." The section of the Rehabilitation Act providing for a private right of action, 29 U.S.C. § 794a, was enacted in 1978, two years after the *Brown* decision. This section has also been held to provide an exclusive judicial remedy. *McGuinness v. United States Postal Service*, 744 F.2d 1318, 1322 (7th Cir.1984).[1] As counsel for plaintiff essentially conceded at the hearing, plaintiff's claim under the Minnesota Human Rights Act is precluded by this authority. Plaintiff's due process claim under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), must also be dismissed. *Bivens* claims may not be brought in the federal employment context. *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *McAlister v. Ulrich*, 807 F.2d 752, 753 (8th

---

1. This consistent treatment of the Civil Rights Act and the Rehabilitation Act finds support in the language of the latter, which incorporates "[t]he remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964...." 29 U.S.C. § 794a(a)(1).

Cir.1986).[2] The Board's motion to dismiss plaintiff's state law and due process claims should therefore be granted.

■ The Board then argues that the claim under the Rehabilitation Act asserted in count 1 must be dismissed as to it because it is not a proper party defendant under 5 U.S.C. § 7703, which provides:

(a)(1) Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.

(2) The Board shall be the named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision issued by the Board under section 7701. In review of a final order or decision issued under section 7701, the agency responsible for taking the action appealed to the Board shall be the named respondent.

Section 7701 sets forth appellate procedures for appealable action cases. Appealable action cases that involve a claim of discrimination, known as "mixed cases," are also subject to procedures set forth in section 7702. Plaintiff's claim here is a mixed case. The Board argues that section 7701 essentially incorporates section 7702 and that plaintiff's claim therefore arises under section 7701. It contends that the Postal Service is accordingly the only proper defendant under section 7703(a)(2). Plaintiff responds that the Board's decision was issued under section 7702, which exists separately from 7701, and that the Board is therefore a proper defendant.

The Board's interpretation of the statutory framework finds support in *Ballard v. Tennessee Valley Authority*, 768 F.2d 756 (6th Cir.1985), which stated:

Appellees contend § 7701 controls in appealable action cases with no discrimina-

tion issues before the Board, § 7702 controls in mixed cases, and never the twain shall meet. Appellees' argument, however, does not stand up under close scrutiny. ... Rather than standing side-by-side as two separate statutory sections providing two totally different administrative schemes, § 7702 builds on and assumes all the procedures laid out in § 7701. ... Section 7701 governs the procedures followed by the Board in *all* cases before it, including mixed cases.

*Id.* at 762 (emphasis in original). Because plaintiff's claim necessarily arises out of section 7701, the Board cannot be a proper defendant under section 7703(a)(2). *See also Tiffany v. Department of the Navy*, 795 F.2d 67, 69 (Fed.Cir.1986).

The language of section 7702 itself also supports this conclusion. It states that Board action is judicially reviewable and that "an employee shall be entitled to file a civil action to the same extent and in the same manner as provided in section 717(c) of the Civil Rights Act of 1964...." 5 U.S.C. § 7702(e)(1). Section 717(c) provides that "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c); *see also Deramus v. Merit Systems Protection Board*, 676 F.Supp. 147, 148 (E.D.Mich. 1987). As the Court of Appeals has explained, "[t]he Postmaster General is the only properly named defendant in an employment discrimination suit against the Postal Service." *Morgan v. United States Postal Service*, 798 F.2d 1162, 1165 n. 3 (8th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987). Because the Board is not a proper defendant to plaintiff's claim under the Rehabilitation Act, its motion to dismiss this claim against it should be granted.

Accordingly, based upon the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the

---

**2.** In addition, *Bivens* claims may only be brought against individual defendants and not against government agencies. *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir.1982), *cert. denied*, 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983). No individual defendant has been named in this action. Plaintiff has submitted, but not yet moved for leave to file, an amended complaint that would name the Postmaster General as a defendant. Even if leave to file that complaint were granted, however, the Postmaster General has no relationship to the Merit Systems Protection Board.

464

motion to dismiss of defendant Merit Systems Protection Board is granted, and all claims against it are dismissed.