[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1106

JOANN I. CONNOLLY,

Plaintiff, Appellant,

v.

WILLIAM J. HENDERSON,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

---

Christopher C. Trundy on brief for appellant.
Donald K. Stern, United States Attorney, and Rayford A. Farquhar, Assistant U.S. Attorney, on brief for appellee.

---

August 1, 2000

---

**Per Curiam**.    Appellant Joanne I. Connolly ("Connolly") challenges the lower court's refusal on jurisdictional grounds to entertain her motion for reconsideration.  We find the district court erred.  Federal Rule of Civil Procedure 59(e) allows the district court to reconsider a judgment if the losing party files a motion within ten days of judgment, and Connolly's motion was timely.    Thus, the judgment will be vacated to allow reconsideration of the dismissal order.

Appellee William J. Henderson ("Henderson") argues that judgment was appropriate anyway because Connolly's claim is barred by the applicable statute of limitations.  But in her opposition to Henderson's motion to dismiss, Connolly presented facts which arguably might justify equitable tolling of the limitations period, see, e.g., Cantrell v. Knoxville Community Dev. Corp., 60 F.3d 1177 (6th Cir. 1995); Doherty v. Teamsters Pension Trust Fund, 16 F.3d 1386 (3d Cir. 1994), although we have also stressed that the equitable tolling exception is a narrow one, see, e.g., Nunnally v. MacCausland, 996 F.2d 1, 4 (1st Cir. 1993), and we take no position on her claim at this time.  Henderson fails to mention or address these facts.

Finally, though Connolly filed her opposition late in violation of D. Mass. Local Rule 7.1(B)(2), we will leave it to the district court to decide what, if any, sanction is appropriate for this noncompliance.

The judgment of the lower court is vacated; the matter is remanded for further proceedings consistent with this opinion. See 1st Cir. Loc. R. 27(c).