**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0021n.06

**No. 10-1379**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

RANDY PATTERSON,                              )
                                             )
    Petitioner-Appellant,                   )
                                             )
v.                                           )  On Appeal from the United States
                                             )  District Court for the Eastern
BLAINE LAFLER,                               )  District of Michigan
                                             )
    Respondent-Appellee.                    )

**FILED**

**Jan 09, 2012**

LEONARD GREEN, Clerk

Before:    BOGGS, COLE, and SUTTON, Circuit Judges.

        BOGGS, Circuit Judge.  Randy Patterson, a Michigan prisoner convicted of arson, conspiracy, and second-degree murder, appeals the denial of his petition for a writ of habeas corpus. He argues that the United States District Court for the Eastern District of Michigan erred in holding that the suit was time-barred and not eligible for equitable tolling.  We disagree, and affirm.

I

        In 2005, Patterson was convicted of second-degree murder, arson of a dwelling, and conspiracy to commit arson.  A jury trial was originally held on the three charges.  The jury returned a guilty verdict on the arson and conspiracy charges, but could not reach a decision on the murder charge.  The trial court declared a mistrial on the murder charge.  Subsequently, Patterson was recharged with first-degree murder, and he pleaded no contest to second-degree murder.

Patterson's conviction was affirmed by the Michigan Court of Appeals, and the Michigan Supreme Court denied his application for leave to appeal. R.10-23, 10-24; *People v. Patterson*, 692 N.W.2d 843 (2005) (table). The Michigan Supreme Court denied Patterson's motion for reconsideration on May 31, 2005. *People v. Patterson*, 697 N.W.2d 153 (2005) (table). The year-long statute of limitations for a § 2244 habeas petition began to run 90 days later, on August 30, 2005, when the time for filing a petition for certiorari with the United States Supreme Court expired and Patterson's conviction became final. Patterson could have tolled this statute of limitations by filing an application for state post-conviction relief or a petition for a writ of habeas corpus before the 365 days elapsed.

However, Patterson filed neither. He did not file his motion for state post-conviction relief until December 7, 2006, which was 464 days after his conviction became final—99 days late. R.10-27. Patterson hired an attorney, Peter Ellenson, to help him file the motion in state court for post-conviction relief, six months after the year-long clock began to run. Ellenson has filed an affidavit in this appeal stating that he was suffering from cervical spine problems during this period, for which he underwent surgery in August 2006. Patterson argues that the motion was not filed in state court until December 2006 because of Ellenson's illness.

The trial court denied Patterson's motion for relief from the judgment. The Michigan Supreme Court denied him leave to appeal on November 25, 2008. *People v. Patterson*, 482 Mich. 1065 (2008) (table).

Patterson then filed a pro se petition for habeas corpus in federal district court under 28 U.S.C. § 2244 on January 20, 2009, 56 days after the Michigan Supreme Court denied him leave to

appeal the denial of state post-conviction relief. The § 2244 petition raised an argument that Patterson was actually innocent, based on new evidence in the form of an affidavit from Joel Bullock, a Detroit Fire Department employee present at the fire, whose statement indicates that another person, other than Patterson, was also at the scene of the fire on the day the building and victim were incinerated.

The district court denied Patterson's petition without a hearing, stating that though Patterson filed two post-judgment motions in Michigan state court, he did not file either until after the AEDPA statute of limitations expired on both appeals, on August 31, 2006 and April 8, 2006. The two state motions were not filed until December 7, 2006 and January 23, 2007, respectively. Thus, absent equitable tolling, Patterson's habeas petition was time-barred. The district court held that Patterson was not eligible for equitable tolling because Ellenson's affidavit proved neither that Patterson exercised reasonable diligence, nor that he was prevented from filing by an extraordinary circumstance, and that Bullock's affidavit failed to prove Patterson's actual innocence.

This timely appeal followed.

II

Under the federal habeas corpus statute, 28 U.S.C. § 2244(d), as amended by AEDPA, a petitioner must file a writ of habeas corpus within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). If a claim is not filed within the one-year statute of limitations, it must be dismissed. A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. *Ege v. Yukins*, 485 F.3d 364, 371–72 (6th Cir. 2007); *see also* 28 U.S.C. §2244(d)(2).

Patterson does not contest that his state filing for post-conviction relief was filed after the 365-day clock had run. However, he argues that the clock should be equitably tolled. Tolling of the one-year statute of limitations may be granted, but sparingly, and "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000). As the Supreme Court recently reaffirmed, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).[1] Patterson argues that Ellenson's affidavit satisfies *Holland*'s test.

---

[1] The five factors historically used in the Sixth Circuit to analyze equitable-tolling claims were "(1) lack of actual notice of the filing requirement, (2) lack of constructive knowledge of filing requirement, (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). However, over time we decided that these factors are neither comprehensive nor always relevant; and that each case had to be examined on its own facts. *Cook*

Alternatively, a petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986) (citing *Engle v. Isaac,* 456 U.S. 107, 135 (1982)). A valid claim of actual innocence requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The evidence must demonstrate factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Patterson argues that Bullock's affidavit justified equitable tolling by proving that he was actually innocent of arson, conspiracy, and murder.

We review the district court's grant or denial of equitable tolling de novo as a matter of law where the facts are undisputed. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

III

The district court held that Patterson was not entitled to equitable tolling because the material in Ellenson's affidavit failed to demonstrate that he diligently pursued his claim or that extraordinary circumstances stood in his way. Ellenson's affidavit stated that the lawyer was suffering from cervical spine problems which required surgical intervention in August 2006, and that his condition

---

*v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Even more recently, we held both that *Holland*'s two-part test replaced the *Andrews* test, and that meeting all five factors of the *Andrews* test does not necessarily demonstrate the "extraordinary circumstance" that *Holland* requires. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011). Thus, we do not find it necessary to discuss the *Andrews* factors; *Holland* is the relevant test.

delayed the filing of Patterson's first post-judgment motion in state court until December 2006. Ellenson also stated that he may not have advised Patterson of the filing deadlines and how they would impact filing a habeas petition in the future, and that any delays in filing a post-conviction motion were not Patterson's fault.

Attorney neglect or error does not generally give rise to equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, the Supreme Court has held that a "serious instance[] of attorney misconduct" may rise to the level of an extraordinary circumstance necessary to justify equitable tolling. *Holland*, 130 S. Ct. at 2564. In *Holland*, Holland's attorney failed to file his petition on time, even though Holland repeatedly warned him of the statute of limitations. The attorney failed to tell Holland that his case had been decided by the Florida Supreme Court, and he failed to communicate with Holland for several years despite Holland's efforts. *Ibid.* The Court found that the attorney's misconduct "may well" have risen to the level of an extraordinary circumstance. Moreover, Holland had exercised reasonable diligence—he made every effort to stay abreast of his case, communicate with his lawyer regarding deadlines, and the day he discovered that his AEDPA clock had expired, he filed his own pro se habeas petition. *Id.* at 2565. The Court remanded the case for a determination of whether Holland was entitled to equitable tolling.

Attorney incapacitation or abandonment has been held to rise to the level of an extraordinary circumstance. For example, in *Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010), petitioner's lawyer began using cocaine to combat severe pain from a staph infection during the one-year statute of limitations for Robertson's habeas petition. During the one-year period, the lawyer was indicted for cocaine possession, was found guilty, entered rehab, and was disciplined by the Supreme Court

of Ohio. *Id.* at 782. Robertson retained a new attorney, and this second attorney filed Robertson's habeas petition one month after the one-year statute of limitations ran. *Ibid.* Relying on pre-*Holland* precedent, the district court simply stated that it was not allowed to grant equitable tolling on the basis of attorney miscalculation, and it did not attempt to make a factual determination of whether the lawyer's misconduct caused Robertson to file his petition late. *Id.* at 783 (discussing the district court's reliance on *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007), which stated flatly that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). However, the Sixth Circuit, citing *Holland*, likened the facts to "egregious" attorney misconduct that might constitute extraordinary circumstances. *Id.* at 784 (citing *Holland*, 130 S. Ct. at 2562–63). The court likened the case to that of abandonment by one's attorney due to the attorney's mental incapacity, which had justified equitable tolling in the employment context. *Id.* at 785 (citing *Cantrell v. Knoxville Comm. Dev. Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995)). The Sixth Circuit reversed and remanded for the district court to consider whether the attorney's problems constituted sufficient extraordinary circumstances to warrant tolling. *Id.* at 786.

The district court held that Ellenson's affidavit did not satisfy either part of *Holland*'s two-part test. Ellenson's affidavit did not demonstrate that Patterson had pursued his claim with reasonable diligence because he did not show that he had made any effort to monitor his own case or acquaint himself with the habeas deadlines, noting that representation by counsel is no excuse. R. at 8 (citing *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003)). The court found that Ellenson's

affidavit did not demonstrate an extraordinary circumstance because it only showed that Ellenson was incapacitated for two or three months out of the year available to file a habeas petition.

We agree with the district court that Patterson has failed to show that he exercised reasonable diligence. Unlike the petitioner in *Holland*, Patterson was not reasonably diligent. He did not encourage his attorney to meet deadlines or request notice of deadlines, and he did not file a pro se petition the day he learned that the habeas time period had expired. Further, his arguments that he was unaware of the deadline because he was relying on a lawyer are unavailing. Unlike *Holland*, Patterson did not make diligent and consistent efforts to contact his attorney about deadlines only to be consistently ignored by the attorney. Patterson presented no evidence that Ellenson deliberately ignored requests at communication or misadvised him. Patterson simply did not make a strong showing of his own diligence, and the district court was not in error in refusing to grant equitable tolling.

Patterson's case is also not like *Robertson*. Unlike *Robertson*, the district court did not deny equitable tolling based on *Lawrence*, so there was no need to remand for reconsideration in light of *Holland*; the district court was aware that attorney misconduct could potentially justify equitable tolling, but did not find that equitable tolling was merited. As stated above, we agree.

However, because Patterson filed his § 2244 petition pro se, he pursues another line of attack. He notes that if a petitioner is proceeding pro se, demonstrates that he is mentally incompetent and that this incompetence caused his failure to comply with AEDPA's statute of limitations, he may be entitled to an evidentiary hearing. *Ata*, 662 F.3d at 743–45 & n.1 (remanding for an evidentiary hearing where pro se petitioner's well-documented medical history of paranoid schizophrenia

showed that Ata had "trouble with numbers, and . . . could not perform simple subtraction"); *see also Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010). Patterson argues that our recent decision in *Ata* means that he is entitled to an evidentiary hearing on Ellenson's incapacity.

However, there are significant problems with this argument. *Ata* is readily distinguishable. Patterson's case is not like *Ata* because he does not argue that his *own* incapacity prevented his timely filing. In *Ata*, the mentally incapacitated individual was the pro se petitioner himself. Here, Patterson is *now* pro se, but when he missed the filing deadline he was represented by counsel. Because Ata was not represented by separate counsel, the inquiry of whether he diligently pursued his rights was bound up with the inquiry into just how mentally incapacitated he was. Here, even if Ellenson's incapacitation rose to the level of an extraordinary circumstance, which we do not decide, *Holland* requires a separate inquiry into Patterson's diligence. *Ata*'s holding that evidence of a pro se litigant's mental incapacitation requires an evidentiary hearing does not lead to the conclusion that evidence of a petitioner's *attorney's* incapacitation necessarily requires a hearing. Petitioner must still meet his burden of proving that he acted with reasonable diligence. Patterson has not done so.

Because we can affirm the district court's judgment on this ground, we do not need to reach the question of whether the extent of Ellenson's incapacitation from spinal injury and surgery rise to the level of an extraordinary circumstance, and we do not.

Regarding Patterson's claim that Bullock's affidavit justified equitable tolling based on actual innocence, Patterson has failed to meet an important requirement. The evidence Patterson put forth regarding actual innocence was new, as is required. However, as the district court stated, while the

evidence might be mildly favorable to Patterson, it simply did not *necessitate*, or begin to necessitate, the conclusion that Patterson was factually innocent of setting the fire that led to the victim's death. Therefore, the district court did not err in refusing to grant equitable tolling based on actual innocence.

IV

For the reasons stated above, we AFFIRM the district court's judgment.