**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2036
_____

ANGELIA E. M. ROCKMORE,
                                        Appellant

v.

HARRISBURG PROPERTY SERVICE;
HARRISTOWN DEVELOPMENT CORP.;
HARRISTOWN HILTON TOWERS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-02652)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 12, 2012
Before:  SLOVITER, SMITH and COWEN, Circuit Judges

(Opinion filed: October 17, 2012)
_____

OPINION
_____

PER CURIAM

        Appellant Angelia Rockmore, proceeding *pro se*, filed a complaint in the District Court

against her employer alleging workplace discrimination, sexual harassment, and retaliation.

The District Court dismissed Rockmore's claims because she failed to bring suit within ninety

days of the Equal Employment Opportunity Commission's notice of right-to-sue letter, as required by 42 U.S.C. § 2000e-5(f)(1). For the reasons that follow, we will affirm.

## I

Rockmore brought suit for workplace discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA") against Defendants Harrisburg Property Service, Inc. ("HPS"), Harristown Development Corp. ("HDC"), and Harristown Hilton Towers ("HHT").[1] Prior to filing this action, Rockmore filed administrative charges against Defendant HPS with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter on June 3, 2010, which informed Rockmore that she had 90 days from the date of receipt of the letter to file a lawsuit. Rockmore filed her complaint on December 28, 2010.

Defendants filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) in which they argued that the case should be dismissed because Rockmore did not initiate the lawsuit until well after the 90-day period had concluded. The Defendants also sought to have a number of the factual allegations struck as time-barred because they were not filed within the respective 300-day and 180-day statutory periods established under Title VII and the PHRA. Before the District Court ruled on that motion, Defendants HDC and HHT filed a second Rule 12(b)(6) motion in which they argued that the action should be dismissed as to those two defendants because they were not named in the administrative charges filed with the PHRC

---

[1] Rockmore refers to Harristown Hilton Towers and Harristown Property Service throughout the complaint. Defendants clarified that these entities are Hilton Harrisburg and Harrisburg Property Services. For consistency, we use the abbreviations adopted by the District Court.

and the EEOC. In her opposition to those motions, Rockmore acknowledged that she filed her complaint outside of the 90-day period, but argued that she should be excused because the late filing was the result of her attorney's egregious actions. Specifically, Rockmore alleged that her attorney repeatedly assured her that the complaint would be filed and then waited until after the deadline to inform her that he would not file on her behalf.

The Magistrate Judge recommended the denial of the first motion to dismiss on the basis that a factual dispute existed as to whether Plaintiff's late filing could be excused by the doctrine of equitable tolling. The Magistrate Judge also recommended that the second motion to dismiss as to HDC and HHT be granted. Defendants filed objections to the Magistrate Judge's Report and Recommendation ("R&R"), in which they argued, *inter alia*, that the record provided sufficient evidence to support a determination that equitable tolling should not apply.

Rockmore subsequently filed a letter that detailed her interactions with her attorney. According to Rockmore, she asked her attorney's office about her case on August 19, 2012, and was told the complaint would be filed. She then received a call from her attorney on August 31, 2010 in which he told her the 90-day period to file would expire the following day and he had not yet filed her complaint because he understood she was offered a promotion. Rockmore told her attorney that she had not been promoted and said that she wanted to move forward with the complaint, at which point he said the complaint would be filed. Rockmore next contacted her attorney's office on September 24, 2010 and learned that the complaint still had not been filed. In that call, a paralegal assured her that the 90-day period for filing would not expire until the end of that month. The next time she inquired about the status of her case

3

was November 23, 2010, at which point she learned that her complaint still had not been filed. On November 29, 2010, she received a letter from her attorney stating that he had no basis upon which to file a complaint and the firm's notes indicated that someone had called her to discuss the issue.

Rockmore filed a complaint against her attorney with the Disciplinary Board of the Supreme Court of Pennsylvania. She also wrote to the EEOC on December 2, 2010, asking it to extend the 90-day period, which they informed her they could not do. She filed her complaint, *pro se*, on December 28, 2010. Upon consideration of the R&R and the filings of the parties, the District Court rejected the Magistrate Judge's recommendation. Instead, the District Court granted the first motion to dismiss as to all three defendants on the basis that Rockmore failed to file suit in a timely fashion.

## II

This Court has jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291. Our review of the District Court's order granting a Rule 12(b)(6) motion is plenary. Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 131 (3d Cir. 2002).

## III

As the District Court properly noted, a civil action under Title VII must be commenced within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). This time limit is akin to a statute of limitations and is therefore subject to equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239–40 (3d Cir. 1999). Equitable tolling may be granted where the plaintiff has "in some extraordinary way . . . been prevented

4

from asserting his or her rights." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

Attorneys' mistakes are generally attributable to their clients, and mere negligence by an attorney is not generally found "to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). As discussed in detail and accurately in the District Court's Memorandum, equitable tolling may be warranted where the attorney's misbehavior "is of a type that goes beyond garden variety neglect." Seitzinger, 165 F.3d at 241; see also Cantrell v. Knoxville Community Dev. Corp., 60 F.3d 1177, 1180 (6th Cir. 1995). In determining whether equitable tolling is appropriate, courts consider the "extent of attorney misconduct, the diligence of the client, and prejudice to the defendant." Seitzinger, 165 F.3d at 238.

Rockmore asserts that her attorney's office told her that they would file a complaint before the deadline. That may be so. But by Rockmore's own accounts her attorney expressed some hesitation about moving forward with a complaint as early as August 31, 2010. Rockmore describes herself as very upset with her attorney at that time, and yet she allowed several weeks to pass before contacting his office again to check on the status of her case. During that September 24, 2010 call, she learned that the complaint still had not been filed, but was told by a paralegal that the deadline was not until the end of September. The information that she received from the paralegal contradicted what her attorney had previously told her, as well as the express wording in the right-to-sue letter that she received, which stated: "Your lawsuit . . . must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice, or your right to sue based on this charge will be lost." She disregarded that discrepancy

5

and, instead, chose to rely on the paralegal. She then allowed almost two months to pass before checking on the status of her case. When Rockmore finally did confirm, on November 23, 2010, that no complaint had been filed, she let another month pass before filing a complaint herself.

In spite of any misstatements that may have been made by her attorney or his staff, Rockmore erred in allowing so much time to pass between the deadline and the date she filed her complaint. That error, while perhaps well-intentioned and understandable, was fatal to her federal claims. We may be sympathetic with Rockmore's situation, but we are bound by the strict procedural requirements established by Congress, which "are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam). Accordingly, we will affirm the District Court's order. [2] Rockmore's motion for the appointment of counsel is denied.

---

[2] The District Court did not reach the merits of Rockmore's PHRA claims. Absent a viable federal claim, the District Court would properly decline to exercise supplemental jurisdiction over the state law claims. See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Accordingly, we construe the District Court's order as having dismissed with prejudice Rockmore's federal claims only. As the District Court did not adjudicate the state law claims, the dismissal of Rockmore's complaint is without prejudice as to those claims. To the extent any state remedies remain available, Rockmore may pursue those claims in Pennsylvania state court.