*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0352p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

CURTIS ROBERTSON,

> *Petitioner-Appellant,*

*v.*

TOM SIMPSON, Warden,

> *Respondent-Appellee.*

No. 07-6191

_____

Appeal from the United States District Court
for the Western District of Kentucky at Paducah.
No. 05-00239—Thomas B. Russell, Chief District Judge.

Decided and Filed: November 12, 2010

Before: MARTIN, COLE, and CLAY, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Matthew M. Robinson, ROBINSON & BRANDT, PSC, Covington, Kentucky, for Appellant. Todd D. Ferguson, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee.

_____

**OPINION**

_____

BOYCE F. MARTIN, JR., Circuit Judge. Curtis Robertson filed his petition for a writ of habeas corpus approximately one month beyond the one-year statute of limitations. Robertson argues that the district court should equitably toll the limitation period because the untimely filing was a result of his attorney misadvising him of the deadline while using cocaine. The district court held that Robertson failed to meet his burden of proving that he was entitled to equitable tolling. We **REMAND** the case for

1

a determination of whether Robertson's attorney's cocaine use and possible misadvice constitute sufficient extraordinary circumstances to entitle Robertson to equitable tolling.

## I.  BACKGROUND

The Antiterrorism and Effective Death Penalty Act states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1) (2006).  The limitation period begins to run from the latest of four circumstances, which for this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244 (d)(1)(A).  The limitation period is tolled by a "properly filed application for State post-conviction or other collateral review." *Id.* § 2244(d)(2).

The relevant dates for determining when the statute of limitations expired are undisputed.  A jury convicted Robertson of murder on September 3, 1999.  Robertson pursued a direct appeal to the Kentucky Supreme Court, which affirmed his conviction, then issued an order denying a petition for rehearing on September 26, 2002.  Robertson had an additional ninety days within which to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (holding that "direct review" under section 2241(d)(1)(A) includes review by the U.S. Supreme Court).  Thus, the statute of limitations for filing a federal habeas corpus action began to run on December 25, 2002.

Approximately one month after the limitation period began to run, Robertson filed a motion for a court order vacating his judgment of conviction and sentence pursuant to Kentucky Rule of Criminal Procedure 11.42, which tolled the running of the statute of limitations.  The circuit court denied his motion and the Kentucky Court of Appeals affirmed.  The denial of Robertson's Rule 11.42 motion became final when the Supreme Court of Kentucky denied discretionary review on December 8, 2004.  Then, the statute of limitations began to run again, with approximately one month elapsed and eleven months remaining.  The limitation period expired on November 8, 2005.

Robertson retained Attorney David Scacchetti to represent him in filing this habeas petition. Although it is unclear when Robertson first consulted Scacchetti, Robertson claims in his briefs that it was several months before the deadline for filing a section 2254 petition. During at least part of the limitation period from December 8, 2004 to November 8, 2005, Scacchetti was using cocaine, as documented in a disciplinary proceeding against him. *See Disciplinary Counsel v. Scacchetti*, 867 N.E.2d 830 (Ohio 2007). This record shows that in 2003, Scacchetti began to suffer from chronic pain caused by a staph infection and an injured disc in his neck. *Id.* at 831. To relieve the pain, he began using cocaine. *Id.* In October 2005, he was arrested while trying to buy cocaine and closed his law practice within two weeks. *Id.* Just as the statute was running out for Robertson, Scacchetti was indicted for possession of cocaine in November 2005 and found guilty in December 2005. *Id.* He completed intensive outpatient rehabilitation in early December 2005 and entered inpatient treatment. *Id.* The Supreme Court of Ohio suspended Scacchetti from the practice of law in Ohio for two years, but stayed eighteen months of the sanction provided that he adhere to certain conditions. *Id.* at 833.

Although it is unclear precisely when Scacchetti withdrew and Robertson retained a new attorney, Robertson claims in his briefs that Attorney Matthew Robinson took over his case in December 2005. Robinson filed a petition for a writ of habeas corpus on behalf of Robertson on December 7, 2005, approximately one month after the statute of limitations expired. The case was referred to a magistrate judge, who ordered Robertson to show cause why his petition should not be dismissed as untimely. Robertson argued that the statute of limitations should be equitably tolled because Scacchetti misadvised him while using cocaine that the deadline for filing the petition was December 8, 2005. Robertson has not specified exactly when he received the misadvice.

The magistrate judge issued a Report and Recommendation determining that Robertson's petition should be dismissed as untimely filed. Robertson filed objections to the report and asked the district court to take judicial notice of the Ohio Supreme

Court's disciplinary opinion documenting Scacchetti's cocaine use, arrest, and suspension from practice of law.

The district court followed the magistrate judge's recommendation and issued an Order and Judgment dismissing Robertson's petition as untimely.  The district court stated that it was compelled to dismiss the petition based on *Lawrence*, 549 U.S. at 336, which held that an attorney miscalculation is insufficient to warrant equitable tolling.  The district court noted that:

> Arguably, this case is different from a mere miscalculation. . . . [C]ounsel failed to timely perfect an appeal and most likely gave incorrect advice to petitioner on the applicable statute of limitations.  Consequently, if not simultaneously, he was disciplined for cocaine use and underwent intensive therapy.  These factors probably do not distinguish prior precedent, but at the very least, they warrant a second look.

*Robertson v. Simpson*, No. 5:05CV-239-R, 2007 WL 2757135, at *1 (W.D. Ky. Sept. 20, 2007).  The district court granted Robertson a certificate of appealability.  Robertson appeals.

## II. LEGAL FRAMEWORK AND STANDARD OF REVIEW

The doctrine of equitable tolling allows courts to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2005).  The Supreme Court recently held that the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  However, the doctrine of equitable tolling is used sparingly by federal courts. *See Graham-Humphreys*, 209 F.3d at 560.  The party seeking equitable tolling bears the burden of proving he is entitled to it. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  A habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing. *See Holland*, 130 S. Ct. at 2562.

We have stated that "where the facts are undisputed or the district court rules as a matter of law that equitable tolling is unavailable, we apply the *de novo* standard of review to a district court's refusal to apply the doctrine of equitable tolling; in all other cases, we apply the abuse of discretion standard." *Dunlap v. United States*, 250 F.3d 1001, 1007 n.2 (6th Cir. 2001). The district court appeared to exercise its discretion in determining that Robertson did not meet his burden of proving he was entitled to equitable tolling. In addition, there are a number of facts that have not been established on the record before us, such as when Robertson first consulted with Scacchetti, when Robertson became aware of Scacchetti's drug use, when Scacchetti gave Robertson any misadvice, when Scacchetti withdrew from representing Robertson, and when Robertson retained Robinson. Because the district court exercised its discretion and the facts are disputed, we review the district court's decision for abuse of discretion. *See id*. A district court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an incorrect legal standard. *See Graham-Humphreys*, 209 F.3d at 560.

### III.  ANALYSIS

The Supreme Court has long held that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect" that causes an attorney to miss a deadline. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, the Supreme Court recently held in *Holland* that "professional misconduct . . . could amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Holland*, 130 S. Ct. at 2562. We have not yet had an occasion to apply *Holland*. In conjunction with a Sixth Circuit employment case, however, *Holland* suggests that an attorney misadvising a client about a deadline due to cocaine use might constitute an extraordinary circumstance that warrants equitable tolling.

*Holland* held that egregious cases involving an attorney's failure to satisfy professional standards of care may constitute extraordinary circumstances. *See id*. at 2562-63. The Supreme Court remanded the case for a determination of whether conduct

on the part of the petitioner's attorney rose to the level of extraordinary circumstances when the attorney failed to file the petitioner's petition on time, failed to do the research necessary to find out the proper filing date, failed to inform the petitioner in a timely manner that a court had decided his case, and failed to communicate with the petitioner over a period of years, despite the petitioner's many letters and pleas. *Id.* at 2564. The Supreme Court noted that the petitioner's attorney violated professional standards of conduct. *Id.* ("A group of teachers of legal ethics tells us that these various failures violated fundamental canons of professional responsibility."). In this case, using illegal drugs while advising a client would clearly constitute a violation of professional standards of conduct. *See Scacchetti*, 867 N.E.2d at 832 ("[Scacchetti] violated duties to the general public and the legal system by failing to operate within the bounds of the law."); Model Rules of Prof'l Conduct R. 1.16 (2009) (stating that an attorney must withdraw from representation if "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client"). Thus, *Holland* suggests that Scacchetti's misadvice due to cocaine use may constitute extraordinary circumstances.

Furthermore, we have recognized that attorney incompetence may be a basis for equitable tolling in the employment law context. In *Cantrell v. Knoxville Community Development Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995), we held that it could be appropriate to toll an Equal Employment Opportunity Commission filing deadline if the petitioner was "abandoned by his attorney due to his attorney's mental illness." We found that the attorney's mental illness in that case was "not a case of 'garden variety' attorney negligence." *Id.* at 1179-80. Because the district court had not made a factual determination concerning the attorney's mental capacity during the filing period, we remanded the case for an evidentiary hearing on whether the attorney was incapacitated at the relevant time. *See id.* at 1180. Drug use could clearly impair an attorney's competence to the same extent as mental illness. *See Scacchetti*, 867 N.E.2d at 832 ("[Scacchetti] acknowledges that he risked harm to his clients by practicing while impaired."). Thus, an attorney's drug use might constitute an extraordinary circumstance that warrants equitable tolling if it causes the attorney to effectively abandon his or her client.

Several courts of appeal have held that for the mental incapacity of a petitioner to warrant equitable tolling of a habeas statute of limitations, the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition. *See, e.g.*, *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) ("[Petitioner] must offer a 'particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.'" (citation omitted)); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition."); *Laws v. Lamarqe*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled."). A similar standard should apply when a petitioner seeks to prove that the mental incapacity of his or her attorney warrants equitable tolling. Thus, for Robertson to prove that an extraordinary circumstance warrants equitable tolling, he must demonstrate that Scacchetti's drug use affected his ability to file a timely habeas petition. Robertson may have made a threshold showing of incompetence by submitting Scacchetti's disciplinary case. The district court, however, believing itself constrained by the *Lawrence* decision, failed to make several factual findings relevant to whether Scacchetti's cocaine use affected his ability to file a timely habeas petition. The district court did not make any factual determinations regarding Scacchetti's state of mind besides taking note of the disciplinary case, and it did not determine whether he misadvised Robertson.

Whether equitable tolling is warranted is a fact-intensive inquiry best left to the district courts. *See, e.g.*, *Holland*, 130 S. Ct. at 2565 (recognizing the prudence of allowing lower courts to first undertake the "equitable, often fact-intensive" inquiry of equitable tolling). Thus, we remand the case for a determination of whether Scacchetti's cocaine use and possible misadvice constitute sufficient extraordinary circumstances to warrant equitable tolling. Of course, to be entitled to equitable tolling, Robertson will also have to satisfy the second prong of the test that "he has been pursuing his rights diligently." *Holland*, 130 S. Ct. at 2562.

## IV.  CONCLUSION

We **REMAND** the case for a determination of whether Scacchetti's cocaine use and possible misadvice constitute sufficient extraordinary circumstances to entitle Robertson to equitable tolling.