NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0167n.06

No. 09-1408

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 22, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **JOAQUIN TORRES**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Petitioner-Appellant,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **SUSAN DAVIS, Warden**, | ) | **O P I N I O N** |
| | ) | |
| *Respondent-Appellee.* | ) | |

BEFORE:   COLE, GIBBONS, and ROGERS, Circuit Judges.

**COLE, Circuit Judge.**  Petitioner-Appellant Joaquin Torres appeals the district court's

dismissal of his petition for a writ of habeas corpus.  Torres claims the district court erred when it

concluded that Torres was not entitled to equitable tolling and it dismissed sua sponte his petition

as time-barred.  For the reasons stated below, we **AFFIRM**.

**I.  BACKGROUND**

On September 7, 2004, Torres pleaded guilty to delivery of 1,000 grams or more of cocaine

and possession with intent to deliver fifty grams or more of cocaine, in violation of Michigan state

law, and was sentenced to concurrent terms of 15 to 30 years and 7 to 20 years, respectively.

Torres's conviction became final on September 7, 2005, and this date also started the clock

running for the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year statute of

limitations to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  Torres did not appeal

his conviction until August 6, 2007, when he filed a motion for relief from judgment in the Muskegon County Circuit Court. Proceeding pro se, Torres's motion set forth three grounds for relief and also requested an evidentiary hearing. The court denied Torres's motion on all grounds on August 15, 2007. Torres subsequently sought leave to appeal in the Michigan Supreme Court, which denied his request on November 25, 2008.

On January 12, 2009, Torres filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan under 28 U.S.C. § 2254. A magistrate judge issued a report and recommendation ("R & R") to deny his petition as time-barred, concluding that Torres's petition did not set forth any grounds warranting equitable tolling of the AEDPA one-year statute of limitations. Torres filed objections to the R & R, claiming that his difficulty with the English language warranted the application of equitable tolling.

The district court conducted a de novo review of Torres's petition and considered Torres's reasons for equitable tolling. After determining that Torres was not entitled to equitable tolling, the district court dismissed the petition as time-barred.

On September 17, 2009, this Court granted Torres a certificate of appealability based on his timely notice of appeal filed in the district court. *See* Fed. R. App. P. 22(b).

## II. ANALYSIS

### A. Legal Framework and Standard of Review

AEDPA mandates that habeas petitions brought by prisoners challenging state-court convictions must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

2244(d)(1)(A). This requirement is not jurisdictional; it is an affirmative defense that the state can raise in its answer to a habeas petition. *Day v. McDonough*, 547 U.S. 198, 205, 208 (2006). However, because of the considerations that motivated AEDPA, district courts, while under no obligation to do so, are permitted to raise the issue sua sponte. *Id.* at 208-09. Furthermore, the Supreme Court recently confirmed this Court's position that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. --- ,130 S. Ct. 2549, 2560 (2010).

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Equitable tolling should be invoked "sparingly," and a petitioner seeking equitable tolling must show both that he diligently pursued his rights and that some extraordinary circumstance prevented timely filing. *Id.* (citing *Holland*, 130 S. Ct. at 2562).

Where the facts are undisputed, we review a district court's decision on equitable tolling de novo. *Solomon v. United States*, 467 F.3d 928, 932 (6th Cir. 2006).

**B.    Discussion**

Torres agrees that if equitable tolling does not apply, his petition was untimely. Torres's time period for filing a federal habeas petition expired on September 7, 2006 and he did not file his petition in the district court until January 12, 2009. However, Torres contends that he does not need

to show that he is entitled to equitable tolling at this stage of the proceedings. He claims that his petition was dismissed under Rule 4's screening procedures and thus it should not have been dismissed because he presented a *plausible* claim for equitable tolling that warrants further proceedings. We find this argument unavailing.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. Torres is correct that the magistrate judge first questioned the timeliness of Torres's petition under Rule 4. The magistrate judge concluded that Torres's petition was untimely, but then informed Torres in the R & R that Torres's opportunity to file objections constituted his notice and opportunity to be heard before the district court on the issue of equitable tolling. Torres concedes that he was given notice and an opportunity to be heard on the timeliness of his petition as required by *Day v. McDonough*, 547 U.S. at 210. Torres responded to the magistrate judge's R & R, arguing that his difficulty with the English language justified equitable tolling. The district court considered Torres's claim for equitable tolling de novo and concluded the circumstances Torres alleged did not justify equitable tolling. That the magistrate judge's initial review of Torres's petition was conducted under Rule 4 is thus irrelevant to the district court's ultimate dismissal because Torres was given an opportunity to present his argument for equitable tolling and the district court fully addressed his claim on the merits. Torres was not required to

prove the propriety of equitable tolling in his initial petition to the district court. However, once the district court raised the issue sua sponte and gave Torres notice and an opportunity to be heard, Torres bore the burden of proving equitable tolling was warranted. *See Robertson*, 624 F.3d at 784.

Torres has not carried his burden in proving equitable tolling is justified. Torres claimed before the district court that the delay in filing his petition was due to his difficulty with the English language and that the facility where he was held for the past five years did not provide assistance for non-English speakers. He further explained that he requested transfers to a facility with such assistance, but that all his requests were denied. When a petitioner's alleged lack of English proficiency "has not prevented the petitioner from accessing the courts, the lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). "An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Id.*

Torres admits that if he demonstrated English proficiency sufficient to access the courts during the AEDPA statute of limitations time period, this would preclude equitable tolling. But he contends that the record is silent as to any indication that he had such ability, because he did not access the courts—either state or federal—until August 6, 2007, when he filed a motion for post-conviction relief in state court, almost a full year after his time limit for filing a federal habeas petition had expired. Nonetheless, Torres has not established that he could not timely file his habeas petition. Torres's pro se filings in the Michigan state courts set forth detailed and lengthy legal arguments. *See* Petition, Dist. Ct. Docket No. 1, Appendix B. Although Torres claims an inability

to access the courts until after the AEDPA statute of limitations had run, he does not explain how that inability transformed into the detailed and lengthy legal arguments presented in the Michigan state court system. Torres cannot succeed in demonstrating extraordinary circumstances without providing some justification for the discrepancy between his ability at these two points in time. *Cf. Cobas*, 306 F.3d at 444 (rejecting petitioner's claim that language difficulties prohibited his timely filing where he wrote a detailed letter to his attorney and filed two post-conviction motions in state court). Therefore, Torres has failed to meet his burden of justifying equitable tolling. *See Robertson*, 624 F.3d at 784.

Additionally, Torres requests that we remand his case for further proceedings in the district court. However, at oral argument Torres stated that he did not think an evidentiary hearing is necessary. That said, no purpose would be served by remanding the case for further proceedings given that Torres does not now allege any additional facts that he intends to submit on remand. As we have noted, Torres was given sufficient notice and an opportunity to present any and all arguments for equitable tolling before the district court dismissed his petition as time-barred. *See Day*, 547 U.S. at 209. Because he has failed to carry his burden, or even allege that he can, the district court did not err in dismissing his petition.

### III. CONCLUSION

For the above stated reasons, we **AFFIRM** the district court's dismissal of Torres's petition.