**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0677n.06

No. 10-2614

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Sep 15, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JOSEPH DJOUMESSI, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: MOORE, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM.

Joseph Djoumessi, a federal prisoner, appeals a district court judgment denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

In 2006, following a bench trial, the district court found Djoumessi guilty as charged of willfully holding a minor female in involuntary servitude, in violation of 18 U.S.C. § 1584, conspiracy to hold the victim in involuntary servitude, *see id*. §§ 371, 1584, and harboring an alien for private financial gain, in violation of 8 U.S.C. § 1324. We affirmed Djoumessi's convictions. *United States v. Djoumessi*, 538 F.3d 547 (6th Cir. 2008). Djoumessi petitioned the Supreme Court for a writ of certiorari, and the Court denied his petition on January 12, 2009. *Djoumessi v. United States*, 129 S. Ct. 948 (2009).

On January 25, 2010, Djoumessi filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 after the expiration of the one-year statute of limitations set forth in § 2255(f)(1). Djoumessi claimed that the district court should permit the filing of the motion pursuant to the doctrine of equitable tolling for two reasons: (1) he mistakenly believed that the deadline for his motion was January 26, 2010, which was one year from the time the district court docketed the Supreme Court's letter indicating that certiorari had been denied; and (2) he was denied access to his legal documents for a period of seventy-one days during his transfer from state to federal custody after being paroled from his state convictions.[1]

The district court denied Djoumessi's untimely motion because, although the statute of limitations could be tolled, *see Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), and *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), Djoumessi failed to demonstrate the requisite extraordinary circumstances and diligence necessary to warrant equitable tolling. Nevertheless, the district court granted Djoumessi a certificate of appealability on the issue of whether his § 2255 motion is barred by the statute of limitations.

In these circumstances, we review the district court's decision regarding equitable tolling for an abuse of discretion. *See Robertson*, 624 F.3d at 784. Having carefully considered the record on

---

[1] In 2001, Djoumessi was convicted by a jury in the Michigan circuit court of third-degree criminal sexual conduct and third-degree child abuse, stemming from the same events that led to the subsequent federal charges. His convictions and sentence of nine to fifteen years of imprisonment were affirmed by the Michigan Court of Appeals and the Michigan Supreme Court. *See People v. Djoumessi*, No. 238631, 2003 WL 22439688 (Mich. Ct. App. Oct. 28, 2003) (unpublished), and 683 N.W.2d 672 (Mich. July 29, 2004) (table), respectively.

appeal, the briefs of the parties, and the applicable law, we conclude that a panel opinion further addressing this issue would be duplicative and serve no jurisprudential purpose. We are satisfied, for the reasons stated in the district court's thorough, well-written opinion of November 17, 2010, that the court did not abuse its discretion in denying Djoumessi's belated § 2255 motion to vacate sentence.

Accordingly, the district court's judgment is affirmed.