**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0085n.06

No. 11-1488

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jan 24, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JIMMY GREENE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| BLAINE LAFLER, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

Before: COOK, McKEAGUE, and ROTH,[*] Circuit Judges.

PER CURIAM. Jimmy Greene, a Michigan state prisoner, appeals through counsel a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, as barred by the one-year statute of limitations.

In 2002, Greene was convicted by a jury of assault with intent to commit great bodily harm and assault of a pregnant individual causing miscarriage. At trial, the victim's sister testified that she saw Greene push the victim, who was six months pregnant, to the floor on her stomach and strike her in the stomach with his fist. Another witness testified that, after the victim locked herself in the bathroom, Greene broke down the door and then stomped on the victim's stomach several times. Greene was sentenced to nine to thirteen and twenty to thirty years of imprisonment, respectively,

---

[*]The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

to run concurrently. His conviction was affirmed by the Michigan Supreme Court in September 2004, and the one-year period for filing a federal habeas corpus petition began to run in December 2004.

Greene paid an attorney to file a post-conviction action in the state courts and a federal habeas corpus petition. However, neither action was filed by the attorney, who was subsequently disbarred for neglecting clients' cases. Greene filed a pro se post-conviction action in the state courts in August 2007, which was finally denied in June 2009. This petition for federal habeas corpus relief was filed in November 2009.

The respondent moved to dismiss the petition as barred by the statute of limitations. The district court granted the motion, concluding that Greene had established extraordinary circumstances excusing his delay in filing his state post-conviction action due to counsel's misconduct, but he had not established that he was diligent in pursuing his case, insofar as he delayed five months after the denial of post-conviction relief before filing his habeas corpus petition. The district court also rejected Greene's argument that he was entitled to equitable tolling based on actual innocence. On appeal, Greene reasserts his entitlement to equitable tolling, arguing that the five-month delay in filing his petition was insufficient to establish lack of diligence, and that he has presented evidence of actual innocence.

A petitioner bears the burden of establishing entitlement to equitable tolling both by showing extraordinary circumstances that excuse the delay in filing and by exhibiting diligent pursuit of his case. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). In this case, the district court found that counsel's actions constituted extraordinary circumstances excusing the delay in filing the

state post-conviction action, but that Greene's delay of five months after the conclusion of that action before filing his § 2254 petition did not evidence diligence. Greene contends that the district court misapplied *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005), in which the Supreme Court found that the petitioner's delay of several years in filing a state post-conviction action and a delay of five months after that action became final before filing a habeas corpus petition constituted lack of diligence. Greene argues that, because the district court excused his delay in the state courts, the five-month delay in filing his petition is insufficient to demonstrate lack of diligence. We disagree with the contention that the district court misapplied *Pace.* The Supreme Court found that both delays indicated a lack of diligence. The district court did not abuse its discretion in concluding that Greene's delay in filing this petition alone was evidence of lack of diligence. *See Robertson*, 624 F.3d at 784 (applying abuse-of-discretion standard).

Greene also contends that he is entitled to equitable tolling due to a showing of actual innocence. *See Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). In order to establish actual innocence, Greene was required to demonstrate that, based on evidence not presented at trial, no reasonable juror would have found him guilty. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). The evidence on which Greene relies does not meet this standard. All of the physicians involved testified that the baby delivered by emergency Caesarean section was stillborn, and never moved or breathed on its own. Although they attempted resuscitation for twenty minutes, including intubation and the administration of drugs which stimulated a very low heartbeat, the baby was declared dead. The new evidence submitted by Greene, in the form of a police interview of one of the physicians mentioning

the low heartbeat stimulated by drugs, is not inconsistent with the testimony of the physicians at trial on which the jury relied in finding him guilty.

Accordingly, the district court's decision that Greene was not entitled to equitable tolling and dismissing this petition as barred by the statute of limitations is affirmed.