**NOT RECOMMENDED FOR PUBLICATION**
File Name: 12a0809n.06

No. 10-2083

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 26, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MICHAEL GRESHAM, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| GARY CAPELLO, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before: COLE and COOK, Circuit Judges; and ROSEN, District Judge.[*]

COOK, Circuit Judge. Michael Gresham, a Michigan prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus. The district court found that the statute of limitations barred his petition. Gresham claims entitlement to both statutory and equitable tolling and urges this court to find his habeas petition timely; alternatively, he requests that we remand his case for an evidentiary hearing. We AFFIRM the district court's judgment.

I.

In April 2000, a Michigan court sentenced Gresham to 23 to 75 years' imprisonment for two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, one count of being

---

[*]The Honorable Gerald E. Rosen, Chief United States District Judge for the Eastern District of Michigan, sitting by designation.

a felon in possession of a firearm, *id.* § 750.224f, and one count of possessing a firearm during the

commission of a felony, *id.* § 750.227b. On direct appeal, the state appellate court affirmed

Gresham's conviction, *People v. Gresham*, No. 228723, 2002 WL 864390 (Mich. Ct. App. Apr. 26,

2002) (per curiam), and the Michigan Supreme Court denied his petition for discretionary review,

*People v. Gresham*, 653 N.W. 2d 410 (Mich. 2002) (table). After this denial, Gresham moved for

relief from judgment, which the trial court denied. The appellate court denied his delayed

application for leave to appeal this denial. *People v. Gresham*, No. 260508, Order (Mich. Ct. App.

Aug. 16, 2005).

The parties dispute what happened next. Gresham claims that prison officials thwarted his

attempt to timely file a petition for leave to appeal in the Michigan Supreme Court and that his

petition to the United States Supreme Court "met a similar fate." Gresham further alleges that he

attempted to submit his habeas petition to the district court on August 16, 2006, but that prison

officials refused to mail the brief and confiscated it.

Gresham filed this habeas petition on October 19, 2009. Finding his petition time-barred,

a magistrate judge calculated Gresham's limitations period as follows:

> Petitioner's direct appeal was concluded on October 29, 2002, when the Michigan
> Supreme Court denied Petitioner's appeal. . . . The ninety-day period [during which
> Gresham could seek review in the United States Supreme Court] expired on January
> 27, 2003. Therefore, the statute of limitations began to run on Petitioner's
> convictions on January 27, 2003.

> Petitioner had one year from January 27, 2003, to file his habeas application . . . . On April 21, 2003, Plaintiff filed a motion for relief from judgment in the state court. At this time, 84 days had run on the statute of limitations, leaving 281 days on the statute of limitations. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on August 16, 2005. . . . Petitioner had 56 days, or until October 11, 2005, in which to file an appeal in the Michigan Supreme Court. Petitioner claims that he subsequently attempted to file an appeal in the Michigan Supreme Court, but that the Michigan Supreme Court Clerk never received his filing. Therefore, the statute of limitations resumed running on October 11, 2005, and expired 281 days later on July 19, 2006. Petitioner claims to have filed a post-conviction motion in March of 2009, well after the statute of limitations had expired. Thus, his application is time-barred.

(R. 19, Report and Recommendation at 149–50) (internal citations omitted). The district court adopted the magistrate's recommendation and *sua sponte* dismissed Gresham's petition as time-barred, reasoning that the late arrival of Gresham's August 2006 brief rendered irrelevant the events alleged to have occurred beyond the close of the limitations period. Seeking an evidentiary hearing, Gresham unsuccessfully moved for reconsideration. This timely appeal follows.

## II.

Gresham argues that prison officials' misconduct entitles him to equitable tolling until October 2009—more than three years after the expiration date calculated by the magistrate. Because state officials directly impeded his efforts to file petitions and briefs, Gresham argues, he satisfies the requirements for both equitable and statutory tolling.

As a threshold matter, we find Gresham's reliance on statutory tolling misplaced. Statutory tolling applies where a defendant "properly file[s]" his application for state postconviction or other

collateral proceedings under state procedural law. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."); *Day v. McDonough*, 547 U.S. 198, 201 (2006) ("The one-year clock is stopped . . . during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" (quoting 28 U.S.C. § 2244(d)(2))). Because § 2244(d)(2) concerns only the pendency of a properly filed application, it has no bearing on a claim that prison officials impeded Gresham's filings.

Remaining are the questions (1) whether Gresham is entitled to equitable tolling of the limitations period beyond the July 19, 2006, deadline and (2) whether Gresham is entitled to an evidentiary hearing.

A.       *Equitable Tolling of the Limitations Period*

"While we review *de novo* the decision of the district court to deny equitable tolling as a matter of law or where the facts are undisputed, 'in all other cases, we apply the abuse of discretion standard.'" *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1007 n.2 (6th Cir. 2001)); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Given the factual disputes raised by Gresham's appeal, we review for abuse of discretion. "A district court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an incorrect legal standard." *Robertson*, 624 F.3d at 784.

Gresham bears the burden of persuading the court of his entitlement to equitable tolling, which we apply sparingly and case-by-case. *Ata*, 662 F.3d at 741 (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Bare allegations are insufficient to toll the limitations period; a petitioner must demonstrate a causal link between the allegations and untimely filing. *Id.* at 742 (citing *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)). To demonstrate entitlement to equitable tolling, Gresham must show (1) that he has pursued his rights diligently and (2) that extraordinary circumstances prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Gresham shows neither.

Based on our review of the record, the district court correctly concluded that Gresham's vague allegations fail to explain his failure to meet the statutory deadline. First, Gresham claims that his petition to the United States Supreme Court—which never reached the Court—"would have tolled the time for his habeas claim." Gresham's appellate counsel concedes, however, that "[t]he record does not reflect when Mr. Gresham learned [that] his briefs had been intercepted and confiscated by prison officials." In any case, Gresham's petition discloses that he did not attempt to remedy his missing Supreme Court petition until 2007—well beyond the statutory deadline. (R. 7, Gresham Second Pet. Supplement at 85) ("I attempted but was obstructed by Prison Officials, [and] Grievances on [t]his were filed . . . to return all Legal Property taken on Nov 2, 07 by [a prison librarian].").

Second, Gresham's allegations leave unexplained how that prison officials frustrated his attempts to appeal to the Michigan Supreme Court. Gresham admits in his habeas petition that his brief never reached the Michigan Supreme Court "*possibly* [due to] cler[]ical or mailing errors." (R. 8, Gresham Third Pet. Supplement at 96) (emphasis added). Nowhere in his petition does Gresham provide the needed casual link between his allegations and untimely filing to the Michigan Supreme Court; he alleges only that "[t]he Court informed Petitioner they never received such [a]pplication." (R. 7, Gresham Second Pet. Supplement at 89); *see also* (R. 18, Gresham Am. Compl. at 124) ("[T]he clerk stated they never received [the application].").

Finally, even if we credit Gresham's allegations that prison officials improperly confiscated his legal materials, the record suggests that this conduct lasted, at most, until December 5, 2007. On that date, Gresham filed a lawsuit in federal court, alleging various acts of misconduct by prison officials. *See Gresham v. Mich. Dep't of Corr.*, No. 2:07-CV-241, 2008 WL 2397646 (W.D. Mich. June 9, 2008). A review of the docket in that case shows that Gresham, proceeding pro se, filed numerous briefs, motions, and supporting documents on a continuous basis until the district court dismissed the action on June 9, 2008. Gresham later appealed the dismissal to us, filing numerous materials in support of his appeal, and we affirmed. *See Gresham v. Mich. Dep't of Corr.*, No. 08-1958 (6th Cir. July 23, 2009) (per curiam). In other words, from December 5, 2007 until July 23, 2009, a period of over 19 months, Gresham's actions demonstrate that he had access to the courts and the opportunity to file a habeas petition without interference from prison staff. Gresham makes no attempt to explain how or why prison officials allowed these filings, but not the petition here.

Thus, accepting Gresham's allegations of interference by prison officials, the statute of limitations for his habeas petition expired during the period that he unquestionably had the opportunity to pursue his rights via the federal court system.

On this record, we cannot find that the district court abused its discretion in denying Gresham equitable tolling. Accordingly, we need not consider Gresham's additional allegations concerning events after July 2006.

### B.     Evidentiary Hearing

As for Gresham's request for an evidentiary hearing, in the absence of allegations sufficient to support equitable tolling, the district court properly exercised its discretion in denying that request. *See Ata*, 662 F.3d at 741–42 (reviewing a district court's denial of an evidentiary hearing for abuse of discretion).

### III.

For these reasons, we AFFIRM the district court's judgment.