NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0039n.06

No. 21-3112

**FILED**
Jan 24, 2022
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ANA ANGELICA PEDRO JUAN,

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: SUHRHEINRICH, STRANCH, and MURPHY, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Ana Angelica Pedro Juan pleaded guilty to forced labor conspiracy. Her subsequently filed 28 U.S.C. § 2255 petition was denied. She appeals, first arguing that the district court erred in denying her equitable tolling claim. Second, she contends that the court impermissibly applied *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), in rejecting as inadmissible the expert report submitted with her petition. Because the district court's equitable tolling holding was not an abuse of discretion and constitutes an independent basis to deny Pedro Juan's petition, we **AFFIRM**.

## I. BACKGROUND

In 2016, Pedro Juan pleaded guilty to one count of forced labor conspiracy under 18 U.S.C. § 1594. At her sentencing hearing, Pedro Juan spoke on her own behalf through a Spanish-language interpreter. For the first time before the district court, Pedro Juan testified that when she initially arrived in the United States, she was held against her will and raped repeatedly.

The district court found that this testimony in support of mitigation lacked credibility and sentenced her to 120 months' imprisonment.

In February 2019, past the statute of limitations period, Pedro Juan filed a pro se federal habeas petition under 28 U.S.C. § 2255 bringing a claim of ineffective assistance of counsel, and requesting appointment of counsel. The district court appointed counsel to represent Pedro Juan in the § 2255 proceedings.

Pedro Juan subsequently filed an amended § 2255 petition arguing she was entitled to equitable tolling of the statute of limitations period and that she received ineffective assistance of counsel at sentencing. She argued entitlement to equitable tolling based on her lack of proficiency in English and Spanish and her mental health condition. She further claimed that her trial counsel was ineffective for failing to investigate and present at sentencing a mitigation narrative related to her mental health. Along with her amended petition, Pedro Juan attached an expert report prepared by Veronica Cruz, a licensed clinical social worker specializing in trauma, outlining her personal history and setting forth Cruz's diagnosis that Pedro Juan suffers from Post-Traumatic Stress Disorder (PTSD). Pedro Juan also attached an affidavit from her trial counsel stating that Pedro Juan had told him that she was sexually assaulted "following her immigration to the United States" and that he "did not hire an expert to evaluate [ ] Pedro Juan or take a detailed history of her experiences." The Government opposed the petition.

Over the Government's opposition, the district court held an evidentiary hearing. Pedro Juan was the only witness called at the hearing and her testimony focused entirely on the language barrier issue. She explained that her native language is Q'anjob'al but she now knows some Spanish and English. She testified that during the plea and sentencing portions of her criminal case she did not speak any English at all and her Spanish proficiency was "[a]bout 60 percent,"

and that she communicated with her trial counsel through a Spanish-language interpreter. The district court later confirmed that Pedro Juan participated in all court proceedings related to this case through a Spanish-language interpreter.

The district court denied Pedro Juan's § 2255 petition on the basis that she was not entitled to equitable tolling. In the alternative, it held that even if her petition was timely, it failed because the expert report submitted on her behalf was inadmissible under the standard set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The district court granted a certificate of appealability. Pedro Juan filed a timely appeal.

## II. ANALYSIS

### A. Standard of Review

When, as in this case, the facts are disputed, we review the district court's ultimate refusal to apply the doctrine of equitable tolling for an abuse of discretion. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an incorrect legal standard." *Id.*

### B. Equitable Tolling

The parties agree that Pedro Juan filed her § 2255 petition outside the statute of limitations period set out in § 2255(f). Thus, the core disagreement is whether Pedro Juan is entitled to equitable tolling of that statute. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "We have explained that courts should not be rigid in applying this standard and should 'consider each claim for equitable tolling on a case-by-case basis.'" *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Jones*

*v. United States*, 689 F.3d 621, 627 (6th Cir. 2012)). "The flexibility inherent in equitable procedure enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Id.* (quoting *Holland*, 560 U.S. at 650).

Pedro Juan argues that she is entitled to equitable tolling for her untimely § 2255 petition because the combined issues of her language barriers and PTSD created extraordinary circumstances that prevented her from filing timely and that she otherwise pursued her rights diligently. The district court, however, found the "assertion that [Pedro Juan] did not learn of her ability to file for § 2255 relief for more than one year after her incarceration [wa]s neither factually credible nor legally sufficient to justify equitable tolling." This decision primarily relied on credibility determinations concerning Pedro Juan's alleged language barrier.

Pedro Juan challenges the district court's equitable tolling decision solely by arguing that its credibility determination was improper. "In the absence of a clear basis in the record for rejecting the district court's credibility determinations, we are bound by those determinations." *United States v. Hudson*, 405 F.3d 425, 442 (6th Cir. 2005). Indeed, we have repeatedly noted that "[f]indings of fact anchored in credibility assessments are generally not subject to reversal upon appellate review." *Id.* (quoting *United States v. Taylor*, 956 F.2d 572, 576 (6th Cir. 1992) (en banc)). Pedro Juan argues that "the district court's credibility finding was not meaningfully distinct from its initial credibility determination at . . . sentencing" and thus that "the district court was improperly anchored to its prior credibility determination." She points to statements made by the court at the evidentiary hearing and in its Order denying her § 2255 petition discussing its prior determination that Pedro Juan was not credible as to the separate issue of the sexual assault. Without citing any case law, Pedro Juan argues that "reliance on that flawed finding" amounts to legal error requiring remand.

The district court, however, articulated the basis for its credibility determination regarding the alleged language barrier apart from its prior credibility determination on the issue of the sexual assault. For instance, the court noted that "[t]here was no indication from the interpreter at either the plea proceeding or the sentencing hearing that she encountered any problems with [Pedro Juan's] ability to understand what she was saying in Spanish, or that she was concerned about [Pedro Juan's] ability to respond cogently and comprehensively in Spanish." The court also observed that there was no indication from Pedro Juan herself that she struggled to communicate with the interpreter or to understand the criminal proceedings. In fact, Pedro Juan affirmatively indicated that she understood the proceedings.

In making its credibility determination, the court also relied on Pedro Juan's plea agreement that specifically mentioned her right to pursue § 2255 relief. And during the criminal proceedings, Pedro Juan testified that her trial counsel "reviewed the plea agreement with her and answered her questions regarding it." The court found "not credible" the proposition that her trial counsel "glossed over" this portion of the agreement "[g]iven the complexity and importance of the agreement's provision stating the extent to which [Pedro Juan] waived further challenges to her conviction and sentence." Finally, the court refused to "accept that a language barrier kept [Pedro Juan] from seeking information and assistance from other[s]" because she was able to enlist another prisoner to help her file a pro se motion to reduce her sentence in 2016 shortly after she was sentenced. Accordingly, there is sufficient independent basis for the district court's conclusion that Pedro Juan's testimony regarding her alleged language barriers was not credible.

Pedro Juan also argues that "the district court's insistence to doubt her credibility on every relevant issue could not have possibly been surmounted" and she was thus "doomed to fail from the outset." But the district court gave specific examples of ways Pedro Juan might have

surmounted her credibility issues. Indeed, the court's order noted the lack of any "indication in the record . . . that [Pedro Juan's] current attorneys have contacted the interpreter to ascertain whether she recalls any difficulties while translating for [Pedro Juan]. Nor, apparently, has current counsel contacted the interrogating agents for the same purpose." At the evidentiary hearing, the district court even indicated to Pedro Juan that such information would be helpful to the court and allowed the parties to provide supplemental evidence and briefing afterward.

Pedro Juan has failed to show that the district court's credibility finding was clearly erroneous; consequently, she is not entitled to equitable tolling. The district court did not err in denying Pedro Juan's § 2255 petition as untimely.

### C.     Admissibility of Expert Report

Pedro Juan also argues that the district court impermissibly applied *Daubert* in rejecting as inadmissible the expert report she submitted with her amended § 2255 petition. That finding, however, relates to the merits of Pedro Juan's ineffective assistance of counsel claim and was made in the alternative to the court's equitable tolling determination discussed above. Pedro Juan's petition was appropriately denied on equitable tolling grounds alone. Therefore, we need not and do not reach her *Daubert* argument.

### III.    CONCLUSION

For the foregoing reasons, we **AFFIRM**.